**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| SS&C TECHNOLOGIES HOLDINGS, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: N20C-01-088 EMD CCLD |
| | ) | |
| v. | ) | |
| | ) | |
| ENDURANCE ASSURANCE CORPORATION, | ) | |
| | ) | |
| Defendant. | | |

**MEMORANDUM ORDER DENYING PLAINTIFF'S RENEWED
MOTION FOR SUMMARY JUDGMENT**

Upon consideration of Plaintiff's Renewed Motion for Summary Judgment (the "Motion") filed by Plaintiff SS&C Technologies Holdings, Inc. ("SS&C");[1] Defendant's Opposition to the Motion (the "Opposition") filed by Defendant Endurance Assurance Corp. ("Endurance"); Plaintiff's Reply Brief in Support of the Motion (the "Reply"); the transcript of oral argument; and the entire record of this civil action,

1. On October 29, 2020, the Court issued an Opinion denying Defendant's Motion to Dismiss or Stay the Action, granting in part and deferring in part, Plaintiff's Motion for Partial Summary Judgment.[2] The Court noted that the parties had not yet briefed how the Policy addressed allocation and acknowledged that "[a]llocation may remain an issue."[3] The Court recognized that the litigation posture of the *Armour* Action included indemnifiable and non-indemnifiable claims under the Policy. The Court believed that the allocation could be resolved

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in *SS&C Technologies Holdings, Inc. v. Endurance Assurance Corp.*, 2020 WL 6335898 (Del. Super. Oct. 29, 2020) (the "Opinion").
[2] *SS&C Technologies Holdings, Inc.,* 2020 WL 6335898 at *1-*9.
[3] *Id.* at *9; *see also id.* at *9, n. 84.

prior to a trial. The Court directed the parties to engage in limited discovery targeting the sole question of allocation.[4]

2. On February 22, 2021, after discovery, SS&C filed the Motion.[5] On July 16, 2021, Endurance filed the Opposition.[6] On August 5, 2021, SS&C filed the Reply.[7] On January 10, 2022, the Court heard oral argument and reserved judgment.[8]

3. SS&C argues that as a matter of law, *no* portion of the settlement can be allocated between covered and allegedly uncovered claims. To support this argument, SS&C asks the Court to apply the Larger Settlement Rule.[9] SS&C further contends that because the settlement is not higher due to the settlement of any uncovered claims, SS&C should recover the entire settlement. SS&C argues that even if the Larger Settlement Rule does not apply, Endurance must still cover the entirety of the settlement because it cannot carry its burden of showing that any portion of the settlement should be excluded.

4. The Court is not prepared to extend, on this record, the Larger Settlement Rule beyond the coverage/allocation situation where indemnifiable and non-indemnifiable parties are involved.

---

[4] The Court directed the parties to engage in limited discovery targeting the "'bare' factual question. . . if any of the Settlement can plausibly be allocated to: (i) 'return, reduction or restitution of fees' paid by ACM to SS&C or (ii) . . . the remaining CUTPA claim.'" *Id.* at *8. Simply, the Court noted that "[t]he only remaining question is whether any of the Settlement can be allocated to the Fee-Carve out and the CUTPA claim." *Id.* at *9.

[5] D.I. No. 62.

[6] D.I. No. 68.

[7] D.I. No. 69.

[8] D.I. Nos. 71, 72.

[9] SS&C argues that the rationale of the Larger Settlement Rule which addresses the appropriate allocation of a settlement between insured parties and uninsured parties, applies in equal force to determining the appropriate allocation between covered claims and uncovered claims. SS&C does not cite any Delaware caselaw supporting the extension of the Larger Settlement Rule to the present situation but instead relies on a California case, *PMI Mortg. Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 2006 WL 3290428, at *7 (N.D. Cal. Nov. 13, 2006). The Court does not find that the California case stands for the proposition that the Larger Settlement Rule should extend to situations where there is a question of allocation between covered and uncovered claims.

5. Endurance argues that most of the settlement (approximately 90%) must be allocated to uncovered loss. Specifically, Endurance argues that the unfair practices exclusion limits coverage for the settlement and the Fees Carve-Out is triggered. Ultimately, Endurance believes that Connecticut law applies, SS&C had the burden to prove the appropriate allocation of the Settlement according to the relative merits of the underlying counts, they didn't meet that burden and accordingly, the Court should adopt the allocated amount proposed by Endurance and conclude that no more than $336,079.60 of the $3,550,000.00 settlement is reasonably allocable to covered matters.

6. The Court finds that Endurance's position is not procedurally supportable. At best, the Court would deny the Motion because a genuine issue of material fact exists on allocation. The Court would not grant judgment in favor of Endurance merely because SS&C failed to meet a factual burden on summary judgment.

7. The standard of review on a motion for summary judgment is well-settled. The Court's principal function when considering a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist, "but not to decide such issues."[10] Summary judgment will be granted if, after viewing the record in a light most favorable to a nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[11] If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[12] The moving

---

[10] *Merrill v. Crothall-American Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973).
[11] *Id.*
[12] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *see also Cook v. City of Harrington*, 1990 WL 35244, at *3 (Del. Super. Feb. 22, 1990) (citing *Ebersole*, 180 A.2d at 467) ("Summary judgment will not be granted under any circumstances when the record indicates . . . that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").

party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[13] If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[14]

8.      At oral argument, SS&C argued that there is no factual issue that remains for allocation and the evidence demonstrates that the entirety of the settlement is covered. Endurance argued that only 10% of the settlement is attributable to covered claims.

9.      Both parties have essentially argued all-or-nothing with respect to allocation. The factual record does not support this conclusion. The *Armour* action, on the eve of trial, included both indemnifiable and non-indemnifiable claims.

10.     The Court does not have a sufficient record to grant the Motion. SS&C has not yet demonstrated that there are no genuine issues of material fact, and they are entitled to judgment as a matter of law. As such, the Motion is denied.

**IT IS HEREBY ORDERED** that, the parties contact chambers to schedule a status conference to determine next steps—*i.e.*, a hearing, trial, mediation, or the like—to resolve the allocation issue.

April 26, 2022
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc: File&ServeXpress

---

[13] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970) (citing *Ebersole*, 180 A.2d at 470).
[14] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).